IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
CIVIL DIVISION
(Southern Division)

| | |
|---|---|
| LAURA KOWAL ) | |
| 1509 Chester Town Circle ) | |
| Annapolis, Maryland 21409 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.:_____ |
| ) | |
| WASHINGTON METROPOLITAN ) | |
| AREA TRANSIT AUTHORITY ) | |
| 600 5th Street NW ) | |
| Washington, DC 20001 ) | |
| ) | |
| **Serve on:** ) | |
| Patricia Y. Lee, Esquire ) | |
| General Counsel, WMATA ) | |
| 600 5th Street, NW ) | |
| Washington, D.C. 20001 ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**COMPLAINT AND JURY DEMAND**

COMES NOW, Plaintiff Laura Kowal, by and through her attorneys, John J. Yannone, Kenneth J. LaDuca, and PRICE BENOWITZ, LLP, and hereby files this Complaint against Defendant Washington Metropolitan Area Transit Authority ("Defendant" or "WMATA"), and states as follows:

**PARTIES**

1. Plaintiff Laura Kowal ("Plaintiff" or "Ms. Kowal") is an adult resident and domiciliary of the State of Maryland, residing at 1506 Chester Town Circle, Annapolis, Maryland 21409.

2. Defendant WMATA, created effective February 20, 1967, is an interstate compact agency and, by the terms of its enabling legislation, is an agency and instrumentality of the District of Columbia, State of Maryland, and Commonwealth of Virginia.

3. At all relevant times, WMATA was the owner of the transit van being operated by its employee driver, Henry McLamb ("McLamb"). At all relevant times, McLamb was acting in the course and scope of this employment and/or agency with WMATA, thereby rending WMATA vicariously liable for all of his tortious acts and omissions in causing Plaintiff's damages. WMATA is also liable for the McLamb's tortious acts and omissions pursuant to Article XVI § 80 of the Washington Metropolitan Area Transit Authority Compact ("Compact") and pursuant to WMATA's June 15, 2006, Revised Indemnification Policy, Resolution Number 2006-32.

## JURISDICTION AND VENUE

4. Jurisdiction in this Court is founded on the Compact, which establishes original jurisdiction on this Court over WMATA matters, pursuant to Compact, Art. XVI § 81, adopted in the Maryland Code at Md. Code Ann., Transp. § 10-204.

5. Venue in this action properly lies in this Court pursuant to 28. U.S.C. § 1391(b)(2) because the acts and omissions complained of occurred in the State of Maryland.

6. Plaintiff Kowal hereby demands a jury trial on the allegations detailed below.

## FACTUAL BACKGROUND

7. On September 11, 2019, at approximately 6:20 p.m., Plaintiff Kowal was operating her 2016 Toyota Camry, driving straight with the absolute right of way northbound on Colesville Road, at or near its intersection with Noyes Court, in Montgomery County, Maryland.

8. At the same time, McLamb was operating a 2014 Ford Van, owned by WMATA, also driving northbound on Colesville Road, at or near its intersection with Noyes Court, in the lane immediately to Plaintiff's right.

9. For unknown reasons, suddenly and without warning, McLamb violently struck Plaintiff's vehicle when he negligently traveled into Plaintiff's lane of travel when it was unsafe to do so.

10. As a direct and proximate result of McLamb's negligence, Plaintiff Kowal was thrown about the interior of her vehicle, causing her immediate, severe, permanent and significant injuries, including, but not limited to, injuries to head, neck, spine, shoulders, and back, with associated symptoms.

11. At no time did Plaintiff act in a negligent manner, nor did she assume any risk,

12. At the time of the collision, McLamb was an agent and/or employee of Defendant and was operating the van within the course and scope of his employment and/or agency with Defendant, which is vicariously liable and otherwise legally responsible for his actions.

13. At the time of the collision, McLamb was operating the van with the consent of the Defendant.

## COUNT I: Negligence
### (Defendant WMATA)

14. Plaintiff Kowal re-alleges and incorporates by reference all of the facts and allegations of the aforementioned paragraphs as if fully set forth herein.

15. McLamb's negligence was the direct, sole, and proximate cause of the collision.

16. All of McLamb's acts and omissions were carried out within the scope of his employment and/or agency with WMATA, while performing a proprietary function as an employee of WMATA, rendering WMATA legally and statutorily liable.

17.     At all relevant times, Defendant, through its agents, servants, and employees, including, McLamb, had a duty of care to operate the van in a proper fashion with the degree of care and skill that a reasonably competent driver would have exercised under similar circumstances. In particular, Defendant had a duty to, *inter alia*:

    a. yield the right of way;

    b. maintain proper and adequate control of the vehicle;

    c. pay full time and attention to the operation of the vehicle;

    d. maintain a proper lookout;

    e. drive cautiously;

    f. obey all traffic control devices;

    g. reduce the speed of the vehicle to avoid a collision;

    h. stop the vehicle in time in order to avoid a collision;

    i. avoid a collision;

    j. avoid turning left and/or switching lanes when it was unsafe to do so;

    k. exercise reasonable care in the operation of the motor vehicle under the circumstances then and there existing; and

    l. observe and obey the rules and laws then and there in effect in the State of Maryland and/or Montgomery County, Maryland.

18.     Defendant WMATA, by and through its agents, servants, and employees, including, McLamb, breached the above duties of care on September 11, 2019, and was negligent in causing the collision by, *inter alia*:

    a. failing to yield the right of way;

    b. failing to maintain proper and adequate control of the vehicle;

    c. failing to pay full time and attention to the operation of the vehicle;

    d. failing to maintain a proper lookout;

    e. failing to drive cautiously;

    f. failing to obey all traffic control devices;

    g. failing to reduce the speed of the vehicle so as to avoid a collision;

    h. failing to stop the vehicle in time in order to avoid a collision;

    i. failing to avoid a collision;

    j. turning left and/or switching lanes when it was unsafe to do so;

    k. failing to exercise reasonable care in the operation of the motor vehicle under the circumstances then and there existing;

    l. failing to observe and obey the rules and laws then and there in effect in the State of Maryland and/or Montgomery County, Maryland; and

    m. was otherwise negligent.

19. At all relevant times, there was in effect in Maryland:

    a. Md. Code Ann., Transp. § 21-309(b): prohibiting the driver of a vehicle from changing lanes when it is unsafe to do so;

    b. Md. Code Ann., Transp. § 21-310(a): prohibiting the driver of a vehicle from following too closely;

    c. Md. Code Ann., Transp. § 21-801(a): prohibiting the driver of a vehicle from driving at an unreasonable speed given the actual and potential dangers then and there existing under the conditions;

    d. Md. Code Ann., Transp. § 21-801(b): requiring the driver of a vehicle to control the speed of a vehicle in order to avoid a collision;

    e. Md. Code Ann., Transp. § 21-901.1(a): establishing that a driver of a vehicle is guilty of reckless driving when they drive in a manner which indicates a wanton and/or willful disregard for the safety of persons and/or property; and,

    f. Md. Code Ann., Transp. § 21-901.1(b): establishing that a driver of a vehicle is guilty of negligent driving if they drive in a careless and/or imprudent manner that endangers any property and/or person.

20. Defendant's conduct, through its agents, servants, and/or employees, including McLamb, was in violation of the motor vehicle laws of the State of Maryland and/or Montgomery County Maryland. Those violations include, but are not limited to:

    a. Changing lanes when it was unsafe to do so in violation of Md. Code Ann., Transp. § 21-309(b);

    b. Following too closely in violation of Md. Code Ann., Transp. § 21-310(a);

    c. Driving at an unreasonable speed given the actual and potential dangers then and there existing under the conditions in violation of Md. Code Ann., Transp. § 21-801(a);

    d. Failing to control the speed of the vehicle to avoid a collision in violation of Md. Code Ann., Transp. § 21-801(b);

    e. Recklessly driving in a manner which indicated a wanton and/or willful disregard for the safety of persons and/or property in violation of Md. Code Ann., Transp. § 21-901.1(a); and,

    f. Negligently driving in a careless and/or imprudent manner that endangered property and/or person in violation of Md. Code Ann., Transp. § 21-901.1(b).

21. The motor vehicle laws of the State of Maryland and/or Montgomery County, Maryland were enacted to prevent the type of incident that occurred (and to protect persons such as Plaintiff), and Defendant cannot offer an explanation as to the violation of such laws.

22. Defendant's violations of the motor vehicle laws of the State of Maryland and/or Montgomery County, Maryland, which caused Plaintiff's injuries, are evidence of Defendant's negligence. *See* MPJI-cv-18:8.

23. As a direct and proximate result of Defendant's negligent acts and omissions, Plaintiff sustained severe, permanent, and life-altering injuries, which necessitated medical evaluation and treatment, and which will require ongoing treatment.

24. As a further direct and proximate result of Defendant's negligent acts and omissions, Plaintiff has incurred medical and related expenses, and will incur additional medical and related expenses in the future.

25. As a further direct and proximate result of Defendant's negligent acts and omissions, Plaintiff incurred and will continue to incur lost wages and a loss of earnings capacity.

26. As a further direct and proximate result of Defendant's negligent acts and omissions, Plaintiff suffered severe and permanent injuries to her mind and body that limited and will limit her usual activities.

27. As a further direct and proximate result of Defendant's negligent acts and omissions, Plaintiff has been caused to undergo, and will undergo in the future, physical, mental, and emotional pain and suffering.

28. All of Plaintiff Kowal's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant WMATA and were incurred without contributory

negligence or assumption of the risk on the part of Plaintiff and without an opportunity for Plaintiff to avoid the collision.

WHEREFORE, Plaintiff Laura Kowal demands judgment against Defendant WMATA as follows: (1) compensatory damages in the amount of Two Hundred and Fifty Thousand Dollars ($250,000.00), which amount will be proven at trial; (2) all costs associated with this action; (3) pre- and post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.

Respectfully submitted,

**PRICE BENOWITZ, LLP**

By: _____/s/  John J. Yannone_____
John J. Yannone, Esq. (04396)
John@Pricebenowitzlaw.com
Kenneth LaDuca, Esq. (10102)
kladuca@Pricebenowitzlaw.com
409 7th Street, N.W., Suite 200
Washington, D.C. 20004
(202) 417-6000
(301) 244-6659 (f)
*Attorneys for Plaintiff*

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

_____/s/ John J. Yannone_____
John J. Yannone, Esq.