# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
(Southern District)

| | |
|---|---|
| LAURA KOWAL, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :    Case No. 8:22-cv-00891-GLS |
| | : |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, | : |
| | : |
| Defendant. | : |

### PLAINTIFF'S RULE 26(a)(1)(A)(iii) INITIAL DISCLOSURES

COMES NOW, Plaintiff Laura Kowal, through undersigned counsel, and pursuant to the Court's Discovery Order, Scheduling Order, and Fed R. Civ. P. 26(a)(1)(A)(iii), hereby files her Initial Disclosure of Damage Claims and Relief Sought:

**I.**    **Economic Damages**

As a direct and proximate result of the incident underlying this suit, Plaintiff suffered serious and painful personal injuries, including, but not limited to: injuries to her cervical and thoracic spine, chest wall, right shoulder/rotator cuff, and right hand, along with headaches. Plaintiff is seeking economic damages for incident-related medical treatment for those injuries in the amount of **$9,217.65**. The below chart summarizes Plaintiff's past incident-related treatment:

| PROVIDER | DATE(S) OF SERVICE | TREATMENT | CHARGE |
|---|---|---|---|
| Montgomery County Fire & Rescue | 09/11/2019 | Emergency medical services | $453.55 |
| White Oak Medical Center | 09/11/2019 | Emergency treatment | $516.10 |
| Emergency Medicine Associates, PC | 09/11/2019 | Emergency physician treatment | $996.00 |
| Medical Faculty Associates, Inc. | 09/11/2019 | Emergency radiology | $66.00 |

| Orthopedic and Sports Medicine Center | 09/18/2019; 09/24/2019; 11/11/2019; 12/03/2019 | Orthopedic treatment | $825.00 |
|---|---|---|---|
| Physical Therapy Partners, Inc. | 10/03/2019-02/06/2020 | Physical therapy | $5,523.00 |
| Anne Arundel Diagnostics | 11/30/2019 | MRI | $838.00 |
| | | **TOTAL** | **$9,217.65** |

Additionally, at the time of the incident, Plaintiff was working as a Mid-level Software Tester at Centuria Corporation. In that position, Plaintiff was making $35.87 an hour. Plaintiff missed 57.5 hours from her job as a result of the incident and incident-related medical appointments. Therefore, Plaintiff lost **$2,062.52** in wages as a direct and proximate result of the incident which she seeks to recover through this action.

## II.     Non-Economic Damages

Plaintiff also seeks to recovery for the non-economic damages, including but not limited to the pain and suffering, inconvenience, and loss of enjoyment of life, which she suffered as a direct and proximate result of the incident. At the risk of stating the obvious, Plaintiff suffered acute pain at the time of the collision itself, along with associated fear. Plaintiff also endured significant pain throughout the acute period after the collision, and throughout her incident-related medical treatment.

Beyond the incident-related pain itself, the incident disrupted and inconvenienced Plaintiff's life in a number of ways. At the time of the incident, in addition to working full-time, Plaintiff was in school working towards her master's degree. Attempting to keep up her already rigorous schedule, while dealing with her significant incident-related pain and while attending to her incident-related medical appointments, was extremely difficult for Plaintiff and added tremendous stress to her life.

Plaintiff's social life was also dramatically negatively impacted by the incident. Prior to the incident, Plaintiff routinely went out several times during the week and on the weekend to spend time with her significant other, her family, and her friends. Plaintiff's incident-related pain and limitations prevented her from engaging in these activities for an extended period after the incident because Plaintiff's injuries and associated medical treatment left her completely exhausted and altered her previously pleasant demeanor. Missing out on plans with her friends and family, and limiting her activities, left Plaintiff sad and anxious.

Even everyday activities, which most people take for granted, such as cleaning, grocery shopping, running errands, and showering became difficult for Plaintiff due to her incident-related pain and limitations. Plaintiff's incident-related neck and shoulder pain limited her extension and range of motion, something that is needed to perform everyday tasks and chores. This meant that Plaintiff had to ask her boyfriend to take on many of the household tasks she previously performed easily. This was embarrassing for Plaintiff who prided herself on her independence prior to the incident.

Plaintiff has also suffered emotional injury due to the incident itself. She was injured after Defendant failed to exert even the simplest care for another. Although Plaintiff was doing nothing wrong, she was the one who was seriously injured. This incident was terrifying, and the continuing recovery has taken an even greater emotional toll.

The above is a summary of Plaintiff's non-economic damages stemming from the incident and should not be read in any way to limit the non-economic damages which Plaintiff may testify to at her deposition and may present at trial.

-------------------------------

These disclosures are based on information presently known and reasonably available to Plaintiff and which Plaintiff reasonably believes she may use in support of her claim against Defendant. Discovery is ongoing and may cause Plaintiff to amend these initial disclosures. Plaintiff accordingly reserves the right to supplement this initial disclosure. Nothing in these disclosures should be read to limit any and all claims which Plaintiff may assert in this action which are available to her under the law, and Plaintiff explicitly reserves the right to assert any such damages claims. Further, these disclosures are not an admission by Plaintiff regarding any matter.

Respectfully submitted,

**PRICE BENOWITZ, LLP**

By: _/s/ Kenneth LaDuca_____
John J. Yannone, Esq. (Bar No. 04396)
Kenneth LaDuca, Esq. (Bar No. 10102)
409 7th Street, N.W., Suite 200
Washington, D.C. 20004
Phone: (202) 417-6015
Facsimile: (301) 244-6659
john@pricebenowitzlaw.com
kladuca@pricebenowitzlaw.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 19th day of May, 2022, a true copy of the foregoing was filed and served via ECF to:

Donna L. Gaffney, Esq. (Bar No. 16299)
Office of the General Counsel 7E
P.O. Box 43900
Washington, DC 20026
(202) 962-2721
(202) 962-2550 (fax)
dlgaffney@wmata.com
*Counsel for Defendant*

                                        */s/ Kenneth LaDuca*
                                      Kenneth LaDuca, Esq.